THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| RANDALL THOMAS NAVES,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN NELSON et al.,<br><br>Defendants. | **MEMORANDUM DECISION & ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 2:22-CV-131-DAK<br><br>District Judge Dale A. Kimball |

In this *pro se* prisoner civil-rights action, *see* 42 U.S.C.S. § 1983 (2023),[1] having

screened Plaintiff's Complaint, (ECF No. 7), under its statutory review function,[2] the Court

orders Plaintiff to file an amended complaint to cure deficiencies before further pursuing claims.

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2023).

[2]The screening statute reads:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2023).

**COMPLAINT'S DEFICIENCIES**

Complaint:

**(a)** does not properly affirmatively link the defendant to specific civil-rights violations. (See below.)

**(b)** possibly inappropriately alleges civil-rights violations on a *respondeat-superior* theory. (See below.)

**(c)** does not state a proper legal-access claim. (See below.)

**(d)** needs clarification on the standing doctrine. (See below.)

**(e)** is perhaps supplemented with claims and/or new defendant(s) from documents filed after Complaint, which claims and/or defendants should be included in an amended complaint, if filed, and will not be treated further by the Court unless properly included.

**(f)** possibly asserts claims past the statute of limitations for civil-rights case. (See below.)

**(g)** asserts claims possibly invalidated by the rule in *Heck.* (See below.)

**(h)** possibly asserts claims attacking the validity of conviction and sentence, which should, if at all, be brought in habeas-corpus petition, not a civil-rights complaint.

**(i)** appears to lack recognition that ineffective-assistance-of-counsel is not a valid civil-rights claim, and that there is no entitlement to counsel to pursue civil cases, like habeas-corpus or civil-rights actions.

**(j)** does not acknowledge the applicability of Eleventh Amendment immunity. (See below.)

**GUIDANCE FOR PLAINTIFF**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(i) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[3]

(ii) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly

---

[3] The rule on amending a pleading reads:
> (a) Amendments Before Trial.
>> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>>> (A) 21 days after serving it, or
>>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>> (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15.

*who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir.

2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250

(10th Cir. 2008)).

(iii) Each cause of action, together with the facts and citations that directly support it,

should be stated separately. Plaintiff should be as brief as possible while still using enough words

to fully explain the "who," "what," "where," "when," and "why" of each claim. *Robbins*, 519

F.3d at 1248 ("The [*Bell Atlantic Corp. v.*] *Twombly* Court was particularly critical of complaints

that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544,

565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiff's

conclusory allegations . . . would have little idea where to begin.' *Id*.").

(iv) Plaintiff may not name an individual as a defendant based solely on supervisory

position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory

status alone does not support § 1983 liability).

(v) Grievance denial alone with no connection to "violation of constitutional rights

alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v.

Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(vi) "No action shall be brought with respect to prison conditions under . . . Federal law,

by a prisoner confined in any jail, prison, or other correctional facility until such administrative

remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2023). However, Plaintiff need

not include grievance details in his complaint. Exhaustion of administrative remedies is an

affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

**• Affirmative Link**

> [A] plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal-participation requirement. That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. *Vasquez v. Davis*, 882 F.3d 1270, 1275 (10th Cir. 2018). Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*"); *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants--"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"--and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

*Estate of Roemer v. Johnson*, 764 F. App'x 784, 790-91 (10th Cir. 2019).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." *Id*. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." *Id*.

**• *Respondeat Superior***

The Supreme Court holds that, in asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662 676 (2009). Consequently, there is no *respondeat superior* liability under §

1983. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and §

1983 suits, a plaintiff must plead that each Government-official defendant, through the official's

own individual actions, has violated the Constitution."); *Bd. of Cty. Comm'rs v. Brown*, 520 U.S.

397, 403 (1997). Entities may not be held liable on the sole ground of an employer-employee

relationship with a claimed tortfeasor. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658,

689 (1978). Supervisors are considered liable for their own unconstitutional or illegal policies

only, and not for employees' tortious acts. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307-08

(10th Cir. 1998).

### • Legal-Access Claim

It is true that prison inmates "have a constitutional right to 'adequate, effective, and

meaningful' access to the courts and that the states have 'affirmative obligations' to assure all

inmates such access." *Ramos v. Lamm*, 639 F.2d 559, 583 (10th Cir. 1980). In *Bounds v. Smith*,

430 U.S. 817 (1977), the Supreme Court expounded on the obligation to provide legal access by

stating "the fundamental constitutional right of access to the courts requires prison authorities to

assist inmates in the preparation and filing of meaningful legal papers by providing prisoners

with adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 828

(footnote omitted & emphasis added).

However, to successfully assert a constitutional claim for denial of access to courts, a

plaintiff must allege not only inadequacy of the library or legal assistance provided but also "that

the denial of legal resources hindered [the plaintiff's] efforts to pursue a nonfrivolous claim."

*Penrod v. Zavaras*, 84 F.3d 1399, 1403 (10th Cir. 1996) (emphasis added); *Carper v. Deland*, 54

F.3d 613, 616 (10th Cir. 1995). In other words, a plaintiff must show that "denial or delay of

access to the court prejudiced him in pursuing litigation." *Treff v. Galetka*, 74 F.3d 191, 194 (10th Cir. 1996). Moreover, the non-frivolous litigation involved must be "habeas corpus or civil rights actions regarding current confinement." *Carper*, 54 F.3d at 616; *accord Lewis v. Casey*, 518 U.S. 343, 353-55 (1996).

### • Standing

Any allegations involving violative behavior against inmates or people, other than Plaintiff, are disregarded. Plaintiff lacks standing to bring claims on anyone else's behalf. *See Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) ("As an aspect of justiciability, the standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf.").

### • Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'" *Id.* at 675 (citation omitted. From the Complaint's face, some circumstances possibly occurred more than four years before this case was filed.

### • *Heck*

Plaintiff's claims appear to include some allegations that if true may invalidate Plaintiff's conviction or sentence, if he has been convicted and sentenced. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's [incarceration] cannot be maintained unless the [basis for incarceration] has been reversed on direct appeal or

impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009)

(unpublished) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). *Heck* keeps litigants

"from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or

sentence without complying with the more stringent exhaustion requirements for habeas

actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck*

clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of

outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that Plaintiff's constitutional rights were breached in a way that may

attack Petitioner's very imprisonment. *Heck* requires that, if a plaintiff requests § 1983 damages,

this Court must decide whether judgment for the plaintiff would unavoidably imply that

Plaintiff's incarceration is invalid. *Id.* at 487. Here, it appears it may on some claims. If this

Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner,

it would be stating that Plaintiff's incarceration was not valid. Thus, the involved claims "must be

dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

invalidated." *Id.* This has possibly not happened and may result in dismissal of such claims.

### • Eleventh Amendment Immunity

> Eleventh Amendment sovereign immunity bars suits for money
> damages against states, state agencies, and state officers in their
> official capacities. *See Tarrant Reg'l Water Dist. v. Sevenoaks*, 545
> F.3d 906, 911 (10th Cir. 2008); *Couser v. Gay*, 959 F.3d 1018,
> 1022 (10th Cir. 2020). While sovereign immunity bars damages
> claims against state actors in their official capacity, the *Ex parte
> Young* doctrine provides an exception for plaintiffs who (1) allege
> "an ongoing violation of federal law" and (2) "seek[] relief
> properly characterized as prospective." *Williams v. Utah Dep't of
> Corr.*, 928 F.3d 1209, 1214 (10th Cir. 2019) (quoting *Verizon Md.
> Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 645 (2002)). *See
> generally Ex parte Young*, 209 U.S. 123 (1908).

*Chilcoat v. San Juan Cnty.* , 41 F.4th 1196, 1213-14 (10th Cir. 2022); *see also Buck v. Utah Labor Comm'n*, 73 F. App'x 345, 347 (10th Cir. 2003) (holding Eleventh Amendment shields State of Utah and its employees in official capacity from claims alleging violations of § 1983).

## ORDER

**IT IS HEREBY ORDERED** that:

**(1)** Plaintiff must within thirty days cure the complaint's deficiencies noted above by filing a document entitled, "Amended Complaint," that does not refer to or include any other document.

**(2)** The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint, which Plaintiff must use if he wishes to pursue his potential claims further.

**(3)** If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

**(4)** The amended complaint shall not include any claims **(a)** occurring past the date of the Complaint, filed March 7, 2022, and **(b)** outside the allegations of transactions and events contained in the Complaint, (ECF No. 7). The Court will not address any such new claims or outside allegations, which will be dismissed. If Plaintiff wishes to raise other claims and allegations, Plaintiff may do so only in a new complaint in a new case.

**(5)** Plaintiff shall not try to serve the amended complaint on Defendants; instead, the Court will perform its screening function and determine itself whether the amended complaint warrants service or dismissal. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2023) ("The officers of the court shall issue and serve all process, and perform all

duties in [*in forma pauperis*] cases."). All defendants and claims should be included in an amended complaint, if filed, and will not be treated further by the Court unless properly included.

(6) Plaintiff must tell the Court of any address change and timely comply with Court orders. *See* D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing *pro se* must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits.").

(7) Time extensions are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

(8) No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

(9) Plaintiff's second motion for appointed counsel, (ECF No. 18), is **DENIED**, for the same reasons stated in a prior order denying appointment of voluntary *pro bono* counsel, (ECF No. 6). That past order stated, "[I]f, after the case is screened, it appears that counsel may be needed or of specific help, the Court may ask an attorney to appear *pro bono* on Plaintiff's

behalf." (ECF No. 6.) No further prompting is needed from Plaintiff. Indeed, any further motions

for appointed counsel shall be returned to sender by the Clerk of Court.

    **(10)** Plaintiff's motion to change the defendant in the Complaint is **DENIED**. (ECF No.

21.) There is no valid complaint on file as of this Order.

        DATED this 27th day of July, 2023.

          BY THE COURT:

          JUDGE DALE A. KIMBALL
          United States District Court